IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON P. STULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1200-DRH-RJD |
| | ) | |
| DR. M. SIDDIQUI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Aaron P. Stull, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In particular, Plaintiff alleges he was provided inadequate treatment for his diabetes. Plaintiff is proceeding in this case on one count of deliberate indifference against Defendants Dr. Siddiqui, Dr. Coe, Nurse Moldenhauer, and Nurse Hawkins for denying Plaintiff adequate medical treatment for his diabetes in 2017, resulting in elevated blood glucose levels, vision loss, nerve damage, and pain.

This matter is now before the Court on Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint (Doc. 45). In his motion, Plaintiff asks that he be granted leave to add Wexford Health Sources, Inc. as a defendant in this action under both a theory of *respondeat superior* and a *Monell* policy and practice claim. Plaintiff also seeks to add Warden Lashbrook as a defendant in her official capacity only to carry out any injunctive relief that he is seeking to add to his lawsuit. As required by Local Rule, Plaintiff submitted a proposed amended pleading for review. Defendants object to Plaintiff's motion on the basis of timeliness and prejudice.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

At the outset, the Court finds that Plaintiff's motion to amend was not unduly delayed and will not unfairly prejudice defendants. Although the Scheduling and Discovery Order set the deadline for Plaintiff to move to amend his complaint for August 3, 2018, Plaintiff moved for an extension of this deadline on August 6, 2018. Further, the Court finds that the instant motion, filed on August 31, 2018, was not filed so far beyond the deadline so as to prejudice Defendants, particularly in light of the fact that discovery in this matter does not close until February 1, 2019 and the presumptive trial month is November 2019. In so finding, the Court now considers whether Plaintiff's proposed amendments are futile.

In support of his claim against Wexford Health Sources, Inc. ("Wexford"), Plaintiff alleges that Wexford has policies, including, but not limited to sick call procedures, but that Wexford's

medical staff ignored such policies. Plaintiff also alleges that Wexford has a policy to monitor grievances, but that such policy was not utilized in this instance. Finally, Plaintiff alleges that Wexford has structured its provision of healthcare to allow for rotating site directors and staff to avoid liability on any one person. The allegations here are simply too vague and broad to state a claim against Wexford. Notably, Plaintiff alleges that Wexford has certain policies in place, but alleges that providers failed to follow the same. The failure of certain providers to follow prescribed policies does not support a claim against Wexford. Further, Plaintiff fails to tie any particular injury to any specific Wexford policy or practice, including the provision of fragmented care. Accordingly, Plaintiff's proposed *Monell* claim against Wexford fails. Also, any attempt to add Wexford to this litigation under the theory of *respondeat superior* fails as the Seventh Circuit has determined that Wexford, as a private corporation, "cannot be vicariously liable if its employees deprive others of their civil rights." *Beard v. Wexford Health Sources, Inc.*, 900 F.3d 951, 953 (7th Cir. 2018). Plaintiff, therefore, will not be allowed to amend his complaint to add Wexford as a defendant.

Plaintiff also seeks to add Warden Lashbrook in her official capacity to carry out any injunctive relief. The Court finds that Plaintiff has included a request for injunctive relief in his proposed amended complaint. The Court will allow Plaintiff to amend his request for relief and, as a result, it is appropriate to add Warden Lashbrook as a defendant in this case only in her official capacity.

For the foregoing reasons, Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint (Doc. 45) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to file Plaintiff's proposed amended complaint as the First Amended Complaint. The Clerk of Court is further directed to prepare for Defendant Warden Lashbrook: (1) Form 5 (Notice

of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

For clarification, although the entirety of Plaintiff's proposed amended complaint will be filed as the First Amended Complaint, he is only proceeding on his original Eighth Amendment deliberate indifference claim against Defendants Dr. Siddiqui, Dr. Coe, Nurse Moldenhauer, and Nurse Hawkins. Defendant Lashbrook is only a defendant in her official capacity as the Warden of Menard. Further, although Plaintiff's First Amended Complaint will be filed, Defendants Siddiqui, Coe, Hawkins, and Moldenhauer are not required to file a responsive pleading as the allegations against them remain unchanged. The motion for summary judgment on the issue of exhaustion of administrative remedies filed by Siddiqui and Moldenhauer will also remain pending with the hearing set for October 24, 2018.

**IT IS SO ORDERED.**

**DATED: October 17, 2018**

               *s/ Reona J. Daly*
               **Hon. Reona J. Daly**
               **United States Magistrate Judge**