# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON P. STULL,

    Plaintiff,

v.                                                                   No. 17-cv-1200-DRH-RJD

M. SIDDIQUI, et al.,

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly on October 31, 2018 (doc. 60). The Report recommends that the District Court **deny** defendant Dr. Mohammed Siddiqui's and defendant Michael Moldenhauer's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (doc. 33). Specifically, plaintiff Aaron Stull, who is proceeding on Count 1 against defendants for deliberate indifference to medical needs involving plaintiff's type 2 diabetes, claims staff at Menard Correctional Center denied timely and adequate treatment for his diabetes resulting in elevated blood glucose levels, vision loss, and nerve damage. Defendants Siddiqui and Moldenhauer (collectively, "defendants") filed a summary judgment motion asserting that plaintiff failed to exhaust his administrative remedies prior to filing this pending lawsuit. *See generally*, doc. 33. Plaintiff filed an opposition to the summary judgment motion on June 13,

2018 (doc. 41) and the Court held a hearing on the issue of exhaustion on October 24, 2018.

Three grievances are at issue that relate to the deliberate indifference claim against defendants and range in time from June to July 2017. *See* doc. 60, Report, at pgs. 2-3. All three grievances relate to complications and pain plaintiff suffered as a result of his diabetes diagnosis. The grievances assert plaintiff suffering blood glucose levels in the 400s and pain and numbness which plaintiff alleges no adequate medical treatment was provided. Grievances 1 and 2, filed June 20, 2017 and June 28, 2017 respectively, were considered together by Menard and stamped with the same number (95-6-17). Both were reviewed and denied by the Administrative Review Board ("ARB"). Regarding the final grievance, filed July 19. 2017, plaintiff appealed his counselor's response to the ARB however, the ARB returned it to plaintiff citing failure to provide a copy of the Grievance Officer's and Chief Administrative Officer's response. Both defendants argue that they are entitled to summary judgment as the grievances at issue do not identify them regarding plaintiff's care[1] and that certain of the grievances are either untimely or not properly exhausted based on the procedural path plaintiff instigated. At the hearing regarding same, plaintiff explained that he was unaware defendants were involved in his care until after he filed the pertinent grievances.

Under 42 U.S.C. § 1997(e), a prisoner must exhaust available administrative remedies prior to filing any lawsuit in federal court. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The standards and proper

---

[1] The July 2018 grievance does reference Dr. Siddiqui.

procedures for filing prisoner grievances is laid out in full and accurate detail in Judge Daly's Report. *See* Doc. 60 at 5-6. In applying the law on exhaustion of administrative remedies and the evidence in the record, Judge Daly found:

> [T]he Court finds that Plaintiff's June 20 and June 28, 2017 grievances fully exhausted the administrative review process as they were both addressed on the merits by the ARB and signed by the Director . . . Further, the Court finds that the content of these grievances was sufficient to exhaust Plaintiff's claim of deliberate indifference against Moldenhauer and Siddiqui. While grievances must contain factual details regarding each aspect of the inmate's complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible. ILCS § 504.810(c) . . . Plaintiff met his obligation in this instance, articulating his general complaints concerning the management, or lack thereof, for his diabetes . . . Plaintiff cannot reasonably be expected to name either Defendant Siddiqui or Moldenhauer in his grievance when it is their alleged failure to act that caused them to be unknown to Plaintiff at the time his grievance was filed.

Based on the facts, Judge Daly concluded that defendants are not entitled to summary judgment on the issue of exhaustion and that the motion should be denied.[2]

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[2] Because the two June 2017 grievances had been found exhausted, the issue of exhaustion on the July 2017 grievance is moot.

3

*Id*.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service the Report. To date, none of the parties filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (doc. 60) in its entirety based on the analysis conducted by Magistrate Judge Daly and laid out briefly above. The undersigned is not left with any firm conviction that a mistake has been made; rather, the magistrate properly analyzed the facts and applied the law. Thus, defendants' Siddiqui and Moldenhauer's Motion for Summary Judgment (doc. 33) is **DENIED.**

Judge Herndon
2018.11.29 14:38:46 -06'00'

**IT IS SO ORDERED.** **United States District Judge**